# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1146 RLW |
| ) | |
| MISSOURI DEPT. OF SOC. SERV., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against "Two or More Unknown Police Officers"; Unknown City or County; and two employees of the Missouri Department of Social Services, Linda Gavon and Monica Bryant. Plaintiff asserts that his daughter and his stepdaughter were removed from his wife's custody in June of 2015 and placed in a "Children's Home."

Plaintiff complains that although he was at that time entitled to "supervised visitation" with the children, he was not offered custody of the children. Rather, the children were "falsely arrested/imprisoned" in the Children's Home by defendants. Plaintiff asserts that defendants did not "try hard to locate him" until after they filed for a "protective hearing" with the children, and he claims he suffers from "parental alienation syndrome."

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

Plaintiff's complaint is deficient in three respects. First he does not state any discernible cause of action against any of the named defendants. Plaintiff, himself, has alleged that at the time his children were removed from his wife's custody, he was only entitled to supervised visits with his children. Thus, it appears that plaintiff, himself, has indicated that he was unable to provide his children with a full-time home at the time that the children were removed from his wife's home. Accordingly, the court cannot infer from these allegations that these defendants were liable for any misconduct. *See Iqbal*, 556 U.S. at 679.

Second, this action is subject to dismissal under the domestic relations exception to federal court jurisdiction. Plaintiff requests that this court order the defendants to return plaintiff's children to him. However, it is well-settled that "the whole subject of the domestic

relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g.*, *Drewes v. Ilnicki,* 863 F.2d 469, 471 (6th Cir. 1988); *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992).

Here, the substance of plaintiff's claims concern state law domestic relations matters. This is particularly so where it is clear from plaintiff's allegations and filings that his children's care and custody is the subject of a juvenile court case in Missouri. Missouri's state courts would be better equipped to handle the issues that have arisen in the course of the juvenile court proceedings in Missouri. *See Overman v. U.S.*, 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. ... Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.") (internal quotations omitted).

Third, even if the court did not lack jurisdiction based on the domestic relations exception, the court would abstain from hearing plaintiff's claims under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, federal courts should abstain from exercising jurisdiction in cases where equitable

3

relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings in Missouri are apparently ongoing. Second, disputes concerning the care and custody of minors implicate important state interests. Third, while plaintiff has alleged that his civil rights have been violated, there is no indication that the state courts could not afford plaintiff the opportunity for judicial review of any civil rights challenges.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 19th day of October, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE